**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3612
_____

LUIS MANUEL JIMENEZ, a/k/a Luis Manuel Jimenez-Lopez,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A044-134-125)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 28, 2018

Before: JORDAN, RESTREPO and SCIRICA, Circuit Judges

(Opinion filed:  September 10, 2018)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Luis Manuel Jimenez, a citizen of the Dominican Republic, petitions pro se for review of the Board of Immigration Appeals' ("BIA") final order of removal. For the reasons that follow, we will dismiss the petition in part and deny it in part.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only to the extent needed to resolve the petition. An immigration judge ("IJ") found Jimenez removable for having been convicted of an aggravated felony, see 8 U.S.C. § 1227(a)(2)(A)(iii), and a controlled substance offense, see 8 U.S.C. § 1227(a)(2)(B)(i). Jimenez subsequently applied for deferral of removal under the Convention Against Torture ("CAT"), claiming that he would be tortured in the Dominican Republic by his former drug associates because he had provided information about them to the United States Drug Enforcement Administration.

In June 2017, the IJ denied the CAT claim on the merits and ordered Jimenez's removal to the Dominican Republic.[1] The IJ explained that Jimenez "has not met his burden in showing that each step in his hypothetical chain of events [underlying his CAT claim] is more likely than not to occur." (A.R. at 45-46.) The IJ indicated that Jimenez had not established that he would more likely than not be harmed in the Dominican

_____

[1] The IJ's June 2017 decision replaced his May 2016 decision in this case. Both decisions reached the same result, but the later decision discussed evidence of Jimenez's that had been overlooked in the earlier decision. Because the earlier decision is no longer controlling, we need not entertain Jimenez's arguments challenging it.

2

Republic. (See id. at 44-46.) The IJ also determined that Jimenez had not established that the Dominican government would acquiesce to any potential efforts to torture him. (See id. at 46.)

In November 2017, the BIA upheld the IJ's decision on appeal. In doing so, the BIA determined that the IJ's "predictive fact finding [was] not clearly erroneous," (id. at 4), and that Jimenez's assertion that his former drug associates would torture him was "too speculative to satisfy his high burden of proving that any step in this hypothetical chain of events is more likely than not to happen, let alone that the entire chain will come together to result in the probability of torture of [him]," (id. at 2 (internal quotation marks omitted)). This timely petition for review followed.

II.

We generally have jurisdiction to review final orders of removal. See 8 U.S.C. § 1252(a)(1). However, because the agency found Jimenez removable for having been convicted of a controlled substance and an aggravated felony (findings that Jimenez does not challenge here), our jurisdiction is limited to reviewing constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C)-(D); Borrome v. Att'y Gen., 687 F.3d 150, 154 (3d Cir. 2012). "[F]actual or discretionary determinations are outside of our scope of review." Pierre v. Att'y Gen., 528 F.3d 180, 184 (3d Cir. 2008) (en banc). With these principles in mind, we turn to Jimenez's CAT claim.

An alien seeking CAT relief must show that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." Sevoian v.

3

Ashcroft, 290 F.3d 166, 174-75 (3d Cir. 2002) (quoting 8 C.F.R. § 208.16(c)(2)). To determine whether the alien has made this showing, "the IJ must address two questions: (1) what is likely to happen to the [alien] if removed; and (2) does what is likely to happen amount to the legal definition of torture?" Myrie v. Att'y Gen., 855 F.3d 509, 516 (3d Cir. 2017) (internal quotation marks omitted). The answer to the first question is a factual finding, while the answer to the second question is a legal conclusion. See id. To meet the legal definition of torture, the threat of harm must be "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

Jimenez's arguments here focus on the issue of acquiescence. Although we have jurisdiction over at least some of those arguments, we need not reach any of them to decide this case. The agency has determined that Jimenez did not establish that he would more likely than not be harmed in the Dominican Republic. That factual determination is a sufficient basis for denying CAT relief, see Sevoian, 290 F.3d at 174-75, and it is independent of the question of acquiescence. Because we lack jurisdiction to review that factual determination, see Pierre, 528 F.3d at 184, the BIA's final order of removal must be left undisturbed. Accordingly, we will dismiss Jimenez's petition in part (to the extent that it raises issues outside the scope of our jurisdiction) and deny it in part (to the extent that it raises issues over which we have jurisdiction).